**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DIGITAL-VENDING SERVICES, | § | |
| INTERNATIONAL LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 2:08-CV-91-TJW-CE |
| | § | |
| THE UNIVERSITY OF PHOENIX, INC., | § | |
| *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Transfer Venue to the District of Columbia (Dkt. No. 61) and in the alternative, Plaintiff's Motion to Transfer Venue to the Eastern District of Virginia (Dkt. No. 65). Although Plaintiff opposes Defendants' motion to transfer and argues that a transfer is not appropriate, Plaintiff argues that if the Court determines that transfer is appropriate, that a transfer to the Eastern District of Virginia is more convenient and appropriate than a transfer to the District of Columbia. Defendants oppose Plaintiff's alternative motion. After carefully considering the facts presented and the applicable law, the Court GRANTS Plaintiff's alternative motion to transfer to the Eastern District of Virginia (Dkt. No. 65) and DENIES as MOOT Defendants' motion to transfer (Dkt. No. 61).

## I.      BACKGROUND

Plaintiff Digital-Vending Services International, LLC ("DVSI") brings this suit alleging that defendants The University of Phoenix, Inc. ("Phoenix"), Apollo Group, Inc. ("Apollo"), Capella Education Company ("Capella"), Laureate Education, Inc. ("Laureate"), and Walden

1

University, Inc. ("Walden") (collectively "the Defendants") infringe U.S. Patent Nos. 6,170,014,

6,282,573, and 6,606,664 (collectively "the patents-in-suit").  Generally, the patents-in-suit relate

to internet architecture and engineering for managing courseware over a computer network.

Plaintiff DVSI has its principal place of business in Alexandria, Virginia.  Defendants Phoenix

and Apollo have their principal places of business in Phoenix, Arizona.  Defendant Capella has

its principal place of business in Minneapolis, Minnesota.  Defendants Laureate and Walden

have their principal places of business in Baltimore, Maryland.

## II.     LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought."

28 U.S.C. § 1404(a).  The district court has "broad discretion in deciding whether to order a

transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998), *quoting Caldwell v.*

*Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987).

The Fifth Circuit has recently enunciated the standard that district courts in this circuit

should apply in deciding motions to transfer venue.  *In re Volkswagen of America, Inc.*, 545 F.3d

304 (5th Cir. 2008) (en banc).  The Court ruled that "§ 1404(a) venue transfers may be granted

'upon a lesser showing of inconvenience' than *forum non conveniens* dismissals" and that "the

burden that a moving party must meet to justify a venue transfer is less demanding than that a

moving party must meet to warrant a *forum non conveniens* dismissal."  *Id*. at 314 (*citing*

*Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).  The Court held that the moving party bears

the burden of showing "good cause," which the Court explained is satisfied when "the movant

demonstrates that the transferee venue is clearly more convenient."  *Id*. at 315.

The Court noted, however, that the relevant factors to be considered in ruling on a

§ 1404(a) motion are the same as those in the *forum non conveniens* context. *Id.* at 314, n. 9 (*citing Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id.* at 315. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* (*citing In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (*citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). In *Volkswagen*, the Fifth Circuit also opined on the weight to be given to the plaintiff's choice of forum. *Id.* The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id.*

## III.   DISCUSSION

As demonstrated below, the Court has reviewed the factors that must be considered and weighed to determine a ruling on the motion to transfer venue. No parties or witnesses are located in the District of Columbia or in the Eastern District of Texas, while numerous witnesses and the plaintiff are located in the Eastern District of Virginia. The Court finds that based upon the facts presented in this case and based upon *In re Volkswagen* and *Genentech, Inc.*, 566 F.3d

1338 (Fed. Cir. 2009), that a transfer to the proposed forum of the Eastern District of Virginia is more convenient for the parties and the witnesses.

### 1. Private Factors

#### a. Convenience of the parties and witnesses and costs of attendance for witnesses

The Court will first assess the convenience of the parties involved. Plaintiff filed suit in the Marshall Division of the Eastern District of Texas. Plaintiff is located in Alexandria, Virginia. Defendants Phoenix and Apollo are located in Phoenix, Arizona. Defendant Capella is located in Minneapolis, Minnesota. Defendants Laureate and Walden are located in Baltimore, Maryland. Plaintiff argues that while some of the parties and witnesses are "in *or around* Washington D.C." as Defendants allege, none of the parties or witnesses are actually located in Washington, D.C.

Next, the Court considers the convenience of witnesses. The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen*, 371 F.3d at 204-05 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* For defendants Walden and Laureate, most employees who have knowledge of the claims and defenses in this lawsuit reside in the Baltimore, Maryland area. For defendants Phoenix and Apollo, most employees who have knowledge of the claims and defenses in this lawsuit reside in the Phoenix, Arizona area. For defendant Capella, most employees who have knowledge of the

claims and defenses in this lawsuit reside in the Minneapolis, Minnesota area. Certain employees of Community Learning and Information Network, Inc. ("CLIN")[1] listed by Plaintiff DVSI in its initial disclosures are located in Virginia and Maryland. The two inventors of the patents-in-suit, Vincent S. Darago and Christopher Jenkins, are located in New Jersey and Utah, respectively.

Defendants submit various declarations and printouts of flight schedules attempting to show that travel to Washington D.C. is faster and cheaper than to Marshall, Texas for the parties and witnesses in this case. Plaintiff argues that these declarations and schedules ignore certain undeniable facts: cross-country flights scheduled on a few days notice generally cost the same, regardless of destination; the total travel cost, inclusive of food and lodging, is likely to be cheaper in Marshall, Texas than a trip to Washington, D.C.; flights between Phoenix and Dallas and Minneapolis and Dallas are cheaper than flights between those cities and Washington, D.C., and Dallas is within driving distance of Marshall; and in many cases, the total distance traveled to Marshall is shorter than the total difference traveled to Washington, D.C.

Both party and non-party witnesses in this case are spread throughout the United States. However, no parties or witnesses are located in Texas or the Eastern District of Texas. The Eastern District of Texas is closer for some parties and witnesses, and the proposed transferee forums are closer for other parties and witnesses. Under *Genentech*, the Court finds that the witnesses and parties not located in the area of Washington, D.C. will have to travel a great distance regardless of whether trial is held in this district or in either of the proposed transferee forums. While there are numerous potential witnesses and parties in the *area* of Washington,

---

[1] DVSI and its patent ownership grew out of work done by third-party CLIN, a non-profit corporation which was founded for the purpose of developing distance learning tools. CLIN assigned all of its patents to DVSI in 2003. It appears that CLIN is located in or around the Washington, D.C. area.

D.C., none are located in the District of Columbia.  However, numerous witnesses and the plaintiff are located in the Eastern District of Virginia.  Thus, the Court finds that the Eastern District of Virginia is more convenient than the Eastern District of Texas.  Therefore, this factor favors a transfer of this case.

### b.  The relative ease of access to sources of proof

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis.  *In re Volkswagen*, 545 F.3d at 316.

The sources of proof related to the Plaintiff are apparently located at its headquarters in Alexandria, Virginia.  Sources of proof related to defendants Walden and Laureate are located at their headquarters in Maryland.  Sources of proof related to defendants Phoenix and Apollo are apparently located at their headquarters in Arizona.  Sources of proof related to defendant Cappella are apparently located at its headquarters in Minnesota.  Defendants argue that there are no sources of proof in the Eastern District of Texas, while Plaintiff argues that none of the parties, witnesses, or sources of proof is located in the District of Columbia.

The Court finds that for some parties the sources of proof are closer to Marshall, Texas, and for other parties the sources of proof are closer to the proposed transferee forums.  However, no sources of proof appear to be located in Texas or the Eastern District of Texas.  Under *Genentech*, the Court finds that because some evidence is located in the proposed transferee district of the Eastern District of Virginia and none is located in this district, that the Eastern District of Virginia is more convenient than the Eastern District of Texas.  Therefore, this factor favors a transfer of this case.

### c. The availability of compulsory process to secure the attendance of witnesses

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served.   However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse.  *See In re Volkswagen*, 545 F.3d at 316.

Defendants argue that none of the likely party and non-party fact witnesses live in the Eastern District of Texas and that many of the witnesses, particularly those involved with CLIN, are located closer to Washington, D.C.  Thus, Defendants argue that the District of Columbia Court can compel many of the relevant individuals to testify.  Plaintiff argues that there are no known non-party witnesses who will not agree to appear to provide deposition and trial testimony within the time limits prescribed by the Federal Rules of Civil Procedure.  Further, Plaintiff argues that the three witnesses of CLIN that Defendants identified as being inconvenienced by the current forum, General Mac McKnight, Jeffrey H. Joseph, and Samuel D. Wyman III, are party representatives for Plaintiff and do not object to traveling to Marshall, Texas.

In this case, neither this court, nor the proposed transferee courts, has absolute subpoena power over all of the third-party witnesses.  The parties have not identified any potential witnesses in this District or in the District of Columbia.  However, it does appear that third-party witnesses are located in the Eastern District of Virginia.  Thus, the Court finds that this factor favors a transfer of this case to the Eastern District of Virginia.

### d. All other practical problems that make trial of a case easy, expeditious and inexpensive

The Court is unaware of any practical problems that would arise from transferring or retaining this case.  Therefore, the Court finds this factor is neutral as to transfer.

### 2.  Public Interest Factors

#### a.  The administrative difficulties flowing from court congestion

Defendants argue that the patent docket in the District of Columbia is faster than the Marshall Division of the Eastern District of Texas, and that it is likely that the case will come to trial significantly faster if it is transferred to the District of Columbia.  Plaintiff disagrees and provides statistics showing that the Eastern District of Texas has a quicker time to trial.  Plaintiff also argues that Defendants' statistics are outdated and fail to account for the heavy burden placed upon the District of Columbia Court regarding Guantanamo Bay cases that makes the court's docket slow and congested.  In particular, Plaintiff quotes Chief Judge Royce Lambreth stating that the District of Columbia is "totally swamped with Guantanamo" cases and that it is "hard to move anything else."

The parties have made no showing that the proposed forums are more efficient at handling this case than this court, and thus this factor is neutral as to a transfer from this district.  However, the Court finds that the additional burden on the District of Columbia Court's docket is likely to be substantial because of the Guantanamo Bay cases, which will reduce the speed that civil cases are handled.  Thus, the Court finds that the Eastern District of Virginia can more quickly resolve this case than the District of Columbia and that, between the two proposed forums, this factor favors a transfer to the Eastern District of Virginia.

#### b.  The local interest in having localized controversies decided at home

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case.  *See In re Volkswagen*, 545 F.3d at 318.  Defendants argue that if Defendants' sales were to be considered, that the Washington, D.C. area has more students than the Eastern District of Texas.  Plaintiff argues that looking to the entire "Washington D.C. area" is inappropriate and the correct

comparison is the Eastern District of Texas compared to the District of Columbia. Plaintiff relies upon declarations submitted by the Defendants that provide that defendant Phoenix has 4,266 students residing in the Eastern District of Texas compared to only 575 students in Washington, D.C., defendant Capella has 220 students residing in the Eastern District of Texas compared to only 55 students in Washington, D.C., and defendant Walden has 301 students residing in the Eastern District of Texas compared to only 89 students in Washington, D.C. Further, Plaintiff provides information that shows defendant Phoenix has a campus location in the Eastern District of Texas and defendant Capella has an active alliance with Texas State Technical College, a campus in Marshall, Texas. Plaintiff argues that this information shows a much greater local interest in the Eastern District of Texas than in the District of Columbia.

The Court agrees with Plaintiff in that the proper focus should compare the actual district in which the case is filed to the proposed district to which movant seeks a transfer. However, because the Plaintiff is headquartered in the Eastern District of Virginia, that district has more of an interest than either this district or the District of Columbia. Therefore, this factor favors a transfer of this case to the Eastern District of Virginia.

### c. The familiarity of the forum with the law that will govern the case

The proposed transferee forum is familiar with the law that could govern this case. This Court is familiar with that law as well. Therefore, the Court finds this factor to be neutral as to transfer.

### d. The avoidance of unnecessary problems of conflicts with laws

The Court finds that this factor is inapplicable in this transfer analysis.

## IV.     CONCLUSION

The Court has carefully reviewed the facts and applicable law regarding the motions to transfer venue.  The Court has balanced all of the relevant factors.  The Court finds, based on *In re Volkswagen* and *Genentech*, that the proposed transferee forum of the Eastern District of Virginia is more convenient than the Eastern District of Texas.  The Court therefore GRANTS Plaintiff's motion to transfer to the Eastern District of Virginia (Dkt. No. 65) and DENIES as MOOT Defendants' motion to transfer (Dkt. No. 61).

It is SO ORDERED.

SIGNED this 30th day of September, 2009.


CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE